IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:05CR3001-2 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| COURTNEY ALLEN CONEY, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's objection (filing 117).

IT IS ORDERED that:

(1)   The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)   The government's objection to the presentence report as being "outside the plea agreement" (filing 117) will be resolved at sentencing.  The undersigned herewith gives notice that he may not accept the plea agreement because the impact of the plea agreement appears to substantially undermine the purposes of the advisory

Guidelines. The plea agreement, calling for a prison sentence of 57 months, appears to provide this defendant with a "windfall" of between 30 and 51 months in prison. Because this case involves a very large amount of powder cocaine (7 kilos) and a large caliber weapon belonging to the defendant, the court should be cautious about agreeing to be bound by such a stipulated sentence. If the court does not accept the plea agreement, it will allow the defendant to withdraw his plea.

(3)     The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(4)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5)     Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final.

(6)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

August 23, 2005.                          BY THE COURT:

                                          s/ *Richard G. Kopf*
                                          United States District Judge